**WINNE BANTA HETHERINGTON**
**BASRALIAN & KAHN, P.C.**
21 Main Street
Hackensack, New Jersey 07601
(201) 487-3800
Gary R. Redish, Esq.

**LAZARUS & LAZARUS, P.C.**
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400
Harlan M. Lazarus, Esq.

*Counsel to Defendants, Irwin Lipkin & Carole Lipkin*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

| | | |
|---|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | : | Adv. Pro. <u>No. 08-01789 (BRL)</u> |
| Plaintiff-Applicant | : | SIPA LIQUIDATION |
| v. | : | |
| | : | (Substantially Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, Defendant. | : | |

----------------------------------------------------------------X

| | |
|---|---|
| In re: | : |
| BERNARD L. MADOFF, | : |
| Debtor. | : |

----------------------------------------------------------------X

| | | |
|---|---|---|
| IRVINGTON H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, LLC, | : | Adv. Pro. No. <u>10-04218- brl</u> |
| Plaintiff, | : | |
| *vs.* | : | |
| | : | |
| IRWIN LIPKIN, CAROLE LIPKIN, ERIC LIPKIN ERIKA LIPKIN, individually, and in her capacity as Custodian UGMA/NJ for [C.L.], [D.L.], and [S.L.], [C.L.], by and through Erika Lipkin, parent and Custodian, [D.L.], by and through Erika Lipkin, parent and Custodian, [S.L.], by and through Erika Lipkin, parent and Custodian, MARC LIPKIN, RUSSELL LIPKIN,and KAREN YOKOMIZO LIPKIN, | : | **ANSWER TO THE COMPLAINT** |
| Defendants. | : | |

----------------------------------------------------------------X

Defendants, Irwin Lipkin ("Irwin") and Carole Lipkin ("Carol") (collectively referred to herein as the "Answering Defendants") by their attorneys Lazarus and Lazarus, P.C., and Winne, Banta, Hetherington, Basralian & Khan, P.C., as and for their Answer to the Complaint filed by Plaintiff, Irwin H. Picard ("the Plaintiff"), Trustee for the Liquidation of Bernard L. Madoff Investment Securities ("BLMIS"), dated November 11th, 2010, (the "Complaint") represents and alleges as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 1.

2.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 2.

3.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 3.

4.     Admit the first sentence of this paragraph but deny the balance of the allegations set forth in the paragraph of the Complaint marked and numbered 4.

5.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 5.

6.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 6.

7.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 7, except refer to the rules and statutes referenced therein for the content thereof.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 8, except refer to the docket of the SIPA Proceedings, and the District Court Proceedings, and the rules and statutes referenced therein for the content thereof.

9.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 9, except refer to the rules and statutes referenced therein for the content thereof.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 10, except refer to the rules and statutes referenced therein for the content thereof.

11.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 11, except admit that Irwin resides in Delray Beach, Florida, and refer to the BLMIS account referenced therein for the accounting thereof.

12.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 12, except admits that Carole resides in Delray Beach, Florida, and refers

to the BLMIS account referenced therein for the accounting thereof.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 13 except for the family relationship and residence of Defendants Eric and Erika Lipkin and their children which is admitted.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 14 except for the family relationship and residence of Defendant Marc Lipkin which is admitted.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 15 except for the family relationship and residence of Defendant Russell Lipkin and Karen Yokomizo Lipkin.

16.     The paragraph marked and number 16 of the Complaint contains legal conclusions to which no response is required.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 17.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 18, except refer to the December 12, 2008 Order referenced therein for the content thereof.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 19.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 20, except refer to the December 15, 2008 Order referenced therein for the content thereof.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 21, except refer to the December 23, 2008 and the February 4, 2009 Orders referenced therein for the content thereof.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 22, except refer to the Plea Allocution of Bernard L. Madoff referenced therein for the content thereof.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 23, except refer to the Plea Allocution of Frank DiPascali referenced therein for the content thereof.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 24.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 25, except refer to the rules and statutes referenced therein for the content thereof.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 26, except refer to the rules and statutes referenced therein for the content thereof.

27.     The paragraph marked and number 27 of the Complaint contains legal conclusions to which no response is required, except Answering Defendants specifically deny that any act, conduct, or omission of Answering Defendants renders Answering Defendants liable to any party herein for any claim or cause asserted in the Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 28.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 29.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 30.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 31.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 32.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 33.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 34.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 35.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 36.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 37.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 38.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 39.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 40.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 42.

43.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 43, as to Irwin, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the balance of said paragraph.

44.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 44, except admit that Irwin was employed by BLMIS commencing circa 1964

and was on the payroll and, from time to time, received payment on account of payroll, and refer to the letter referenced therein for the content thereof.

45.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 45.

46.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 46.

47.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 47.

48.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 48.

49.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 49.

50.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 50.

51.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 51.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 52.

53.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 53.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 54.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 55.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 56.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 57.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 58.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 59.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 60.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 61.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 62.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 63.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 64.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 65.

66.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 66.

67.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 67.

68.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 68.

69.     Admit the allegations set forth in the paragraph of the Complaint marked and numbered 69 as to Answering Defendants, solely to the extent that Answering Defendants admit that Answering Defendants, from time to time, maintained accounts with BLMIS and, in connection therewith, refer to the books and records of BLMIS and Answering Defendants for an accounting thereof, except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth as to the remaining defendants.

70.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 70.

71.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 71.

72.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 72.

73.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 73.

74.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 74.

75.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 75.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 76.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 77.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 78.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 79.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 80.

81.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 81.

82.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 82.

83.     The paragraph marked and number 83 of the Complaint contains legal conclusions to which no response is required.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 84.

85.     Admit the allegations set forth in the paragraph of the Complaint marked and numbered 85 as to Answering Defendants, except refer to Claim# 013025 and Claim# 012861 for the content thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the balance of said paragraph.

86.     Admit the allegations set forth in the paragraph of the Complaint marked and numbered 86 as to Answering Defendants, except refer to the Determination referenced therein for the content thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the balance of said paragraph.

87.     Admit the allegations set forth in the paragraph of the Complaint marked and numbered 87 as to Answering Defendants, except refer to Answering Defendants' Claim Objections referenced therein for the content thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the balance of said paragraph.

88.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 88.

89.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 89.

90.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 90, except

refer to the Order on Application for Entry of an Order Approving Form and Manner of Publication and Mailing of Notices, Specifying Procedures for Filing, Determination and Adjudication of Claims, and Providing Other Relief, referenced therein for the content thereof.

## COUNT ONE
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(A), 550(a), AND 551

91.  Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-90 as if fully set forth herein.

92.  Deny the allegations set forth in the paragraph of the Complaint marked and numbered 92 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant

93.  Deny the allegations set forth in the paragraph of the Complaint marked and numbered 93 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

94.  Deny the allegations set forth in the paragraph of the Complaint marked and numbered 94 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

95.  Deny the allegations set forth in the paragraph of the Complaint marked and numbered 95 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

96.  Deny the allegations set forth in the paragraph of the Complaint marked and numbered 96 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT TWO
## FRAUDULENT TRANSFER – 11 U.S.C. §§ 548(a)(1)(B), 550(a), AND 551

97.  Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-96 as if fully set forth herein.

98.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 98 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

99.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 99 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

100.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 100 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

101.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 101 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

102.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 102 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

103.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 103 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

104.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 104 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

105.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 105 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT THREE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

106.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-105 as if fully set forth herein.

107.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 107.

108.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 108 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

109.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 109 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

110.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 110 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

111.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 111 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT FOUR
### FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

112.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-111 as if fully set forth herein.

113.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 113.

114.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 114 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

115.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 115 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

116.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 116 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

117.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 117 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT FIVE
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

118.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-117 as if fully set forth herein.

119.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 119.

120.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 120 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

121.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 121 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

122.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 122 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

123.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 123 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT SIX
## FRAUDULENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW
## §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

124. Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-123 as if fully set forth herein.

125. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 125.

126. Deny the allegations set forth in the paragraph of the Complaint marked and numbered 126 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

127. Deny the allegations set forth in the paragraph of the Complaint marked and numbered 127 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

128. Deny the allegations set forth in the paragraph of the Complaint marked and numbered 128 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

129. Deny the allegations set forth in the paragraph of the Complaint marked and numbered 129 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT SEVEN
## RECOVERY OF ALL FRAUDULENT TRANSFERS – NEW YORK CIVIL PROCEDURE LAW AND RULES 203(g), 213(8) AND NEW YORK DEBTOR AND CREDITOR LAW §§ 276, 276-a, 278 AND/OR 279, AND 11 U.S.C. §§ 544, 550(a), AND 551

130. Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-129 as if fully set forth herein.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 131.

132. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 132.

133.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 133 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

134.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 134.

135.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 135.

136.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 136 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT EIGHT
## RECOVERY OF SUBSEQUENT TRANSFER – NEW YORK DEBTOR AND CREDITOR LAW §§ 273- 279 AND 11 U.S.C. §§ 544, 548, AND 550(a)

137.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-136 as if fully set forth herein.

138.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 138 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

139.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 139.

140.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 140.

141.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 141.

142.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 142.

## COUNT NINE

## TURNOVER AND ACCOUNTING – 11 U.S.C. § 542

143.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-142 as if fully set forth herein.

144.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 144.

145.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 145.

146.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 146 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

147.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 147 as to Answering Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT TEN
## DISALLOWANCE OF CUSTOMERS' CLAIMS

148.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-147 as if fully set forth herein.

149.     Admit the allegations set forth in the paragraph of the Complaint marked and numbered 149 as to Answering Defendants, except refer to the Customer Claims referenced therein for the content thereof, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the balance of said paragraph.

150.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 150 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

151.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 151, except refer to the Claims Procedures Orders referenced therein for the content thereof.

## COUNT ELEVEN
## DISALLOWANCE OF RELATED ACCOUNT CUSTOMER CLAIMS

152.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-151 as if fully set forth herein.

153.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 153.

154.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 154.

155.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph of the Complaint marked and numbered 155.

## COUNT TWELVE
## EQUITABLE SUBORDINATION OF DEFENDANTS' CUSTOMER CLAIMS

156.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-155 as if fully set forth herein.

157.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 157 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

158.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 158 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

159.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 159 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT THIRTEEN
## CONVERSION

160.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-159 as if fully set forth herein.

161.     The paragraph marked and number 161 of the Complaint contains legal conclusions to which no response is required.

162.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 162 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

163.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 163 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

164.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 164 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## COUNT FOURTEEN
## UNJUST ENRICHMENT

165.     Answering Defendants repeat and incorporate by reference their responses to paragraphs 1-164 as if fully set forth herein.

166.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 166 as to Answering Defendants and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

167.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 167 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

168.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 168 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

169.     Deny the allegations set forth in the paragraph of the Complaint marked and numbered 169 as to Answering Defendants, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as to each other defendant.

## ANSWERING DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## ANSWERING DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing and/or capacity to bring any claims against the Answering Defendants.

## ANSWERING DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## ANSWERING DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by laches.

## ANSWERING DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## ANSWERING DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## ANSWERING DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## ANSWERING DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of in *pari delicto* and/or the *Wagoner* rule because, among other things, the acts of its predecessors, agents and representatives (including Bernard L. Madoff and BLMIS) are imputed to the Plaintiff.

## ANSWERING DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

Some or all amounts received by Answering Defendants from BLMIS are settlement payments exempt from avoidance under Section 546(e) of the Bankruptcy Code.

## ANSWERING DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover the transfers at issue in the Complaint from Answering Defendants under Section 550 of the Bankruptcy Code.

### ANSWERING DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

Some or all of the transfers at issue in the Complaint and some or all of the amounts received from BLMIS are not property of the estate as such amounts were held by BLMIS in constructive trust or as a bailee for the Answering Defendants.

### ANSWERING DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

Some or all of the transfers at issue in the Complaint and some or all amounts the Answering Defendants received from BLMIS satisfy an antecedent debt for which the Plaintiff is not entitled to avoid and recover.

### ANSWERING DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by section 548(c) and 548(d)(2)(A) of the Bankruptcy Code.

### ANSWERING DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

Some or all of the transfers at issue in the Complaint and some or all of the amounts the Answering Defendants received from BLMIS are not property of the estate because BLMIS never had a legal interest in the transferred funds.

### ANSWERING DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not ripe, because he has failed to demonstrate that the conditions of 15 U.S. § 78fff-2(c)(3) have been met.

### ANSWERING DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are victims of the Madoff fraud and any claims against them should be dismissed as unconscionable and in violation of public policy.

### ANSWERING DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and causes of action are barred as the Answering Defendants gave fair consideration for some or all of the transfers at issue in the Complaint.

## ANSWERING DEFENDANTS' EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Answering Defendants always acted in good faith and without any fraudulent intent, at all relevant times when receiving the transfers at issue in the Complaint. Answering Defendants are therefore entitled to retain any and all amounts it received from BLMIS.

## ANSWERING DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE

Some or all of the transfers in the Complaint and some or all of the amounts the Answering Defendants received from BLMIS are not avoidable as the Answering Defendants gave reasonably equivalent value to BLMIS for the some or all of transfers at issue.

## ANSWERING DEFENDANTS' TWENTIETH AFFIRMATIVE DEFENSE

Some or all of the transfers at issue in the Complaint and some or all amounts the Answering Defendants received from BLMIS are not avoidable by the Plaintiff as the Answering Defendants received such amounts for value, in good faith, and without knowledge of the voidability of the transfer sought to be avoided.

## ANSWERING DEFENDANTS' TWENTY-FIRST AFFIRMATIVE DEFENSE

Any recovery by the Plaintiff is subject to credits, set-off and/or recoupment.

## ANSWERING DEFENDANTS' TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendants adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant or party-in-interest to the extent that the answering Defendants may share in such defenses.

## RESERVATION OF RIGHTS

Answering Defendants hereby give notice that they intend to rely upon any other defenses that may become available or appear during the pre-trial proceedings based upon evidence obtained through discovery or otherwise and hereby reserve the right to amend their answer and assert any such defenses.

## COUNTERCLAIMS AND CROSS-CLAIMS

Answering Defendants expressly reserve all rights with respect to all counterclaims or cross-claims that may be revealed during the course of discovery or through the Receiver's independent investigation.

## JURY TRIAL DEMANDED

Answering Defendants demand a trial by jury for all issues so triable.

WHEREFORE Answering Defendants, Irwin Lipkin and Carole Lipkin**,** respectfully demand judgment dismissing the Complaint filed by Plaintiff, Irving H. Picard, Trustee for the Liquidation of Bernard L. Madoff Investment Securities, together with the costs of this action, including attorney's fees, together with such other, further, and different relief as this Court deems just and proper.

Dated: March 9, 2011
New York, New York

**WINNE, BANTA, HETHERINGTON,
BASRALIAN & KAHN, P.C.**
*Counsel to Defendants,
Irwin Lipkin and Carole Lipkin*

By: s/ Gary S. Redish
Gary S. Redish, Esq.
21 Main Street
Hackensack, New Jersey 07601
(201) 487-3800

**LAZARUS & LAZARUS, P.C.**
Harlan M. Lazarus, Esq.
240 Madison Avenue, 8th Floor
New York, New York 10016
(212) 889-7400
*Counsel to Defendants,
Irwin Lipkin and Carole Lipkin*